TURNBULL, Appellant, v. CITY OF NEW YORK, Respondent (two cases). (Supreme Court, Appellate Division, Second Department. June 6, 1902.) Actions by Andrew Turnbull and by Jane Turnbull against the city of New York.

PER CURIAM. Orders modified, by inserting a provision requiring the defendant to pay the costs of the trial and all disbursements in the action to date, together with the costs of this appeal, all to be paid within 20 days from the entry of this order; otherwise, orders reversed, and judgments unanimously directed to be entered on the verdicts, with costs and costs of this appeal.

In re TURNER. (Supreme Court, Appellate Division, Fourth Department. May 27, 1902.) In the matter of the final judicial settlement of the accounts of Watson Turner, as guardian of the property of Earl R. Pinckney. No opinion. Motion to dismiss appeal denied, without costs. Notice of appeal amended, by inserting after the words "Watson Turner" the words "by Willard Turner, his committee," and also in the signature of the notice of appeal by adding, after the words "Eugene E. Sheldon, attorney for appellant, Watson Turner," the words, "by Willard Turner, his committee."

UNITED PRESS v. A. S. ABELL CO. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by the United Press against the A. S. Abell Company. No opinion. Motion denied, with $10 costs.

UNITED PRESS, Respondent, v. A. S. ABELL CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by the United Press against the A. S. Abell Company and others. A. G. Fox, for appellants. W. C. Davis, for respondent. No opinion. Appeal dismissed, with $10 costs and printing disbursements to the appellant.

In re UTICA & M. V. RY. CO. (Supreme Court, Appellate Division, Fourth Department. June 6, 1902.) In the matter of the application of the Utica & Mohawk Valley Railway Company for the appointment of commissioners, etc. No opinion.

PER CURIAM. Motion granted, and the following named commissioners appointed, viz.: Henry W. Bentley, of Booneville, N. Y., chairman; Webster R. Chamberlain, of Syracuse, N. Y.; and Frank Rice, of Canandaigua, N. Y., —without prejudice to the right of contestants to raise preliminary or other objections, as stated in order this day entered.

In re VAN VLOCK. (Supreme Court, Appellate Division, First Department. June 13, 1902.) In the matter of Frederick B. Van Vlock. No opinion. Motion denied.

VINCENT, Respondent, v. ALDEN, Appellant. (Supreme Court, Appellate Division, Third Department. July 8, 1902.) Action by Thomas Vincent against John F. Alden. No opinion. Judgment and order unanimously affirmed, with costs. See 71 N. Y. Supp. 149.

VOLNEY, Appellant, v. NIXON, Respondent. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Action by Carl W. Volney against Lewis Nixon. C. R. Carruth, for appellant. M. W. Platzek, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WANAMAKER v. WEAVER. (Supreme Court, Appellate Division, Fourth Department. July 8, 1902.) Action by John Wanamaker against Simon J. Weaver. No opinion. Motion for reargument denied. Motion for leave to appeal to the court of appeals granted; this court certifying that in its opinion a question of law is involved which ought to be decided by that court.

WARD, Respondent, v. NAUGHTON et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 1, 1902.) Action by Michael Ward against Bernard Naughton and Daniel McMahon. No opinion. Motion to resettle order denied.

In re WARTMAN. (Supreme Court, Appellate Division, Fourth Department. June 3, 1902.) In the matter of John Wartman, an attorney and counselor.

PER CURIAM. Ordered, that an order issue, returnable before this court on the 8th day of July, next, at 2 o'clock in the afternoon, requiring said John Wartman to show cause why he should not be disbarred from the practice of his said profession of attorney and counselor; that a copy of the charges presented against said Wartman, together with a copy of the order to show cause, be personally served upon him within this state at least 10 days before the return of said order to show cause, or, in case personal service on said Wartman cannot be made, then that copies of said charges and order to show cause be deposited in the postoffice in the city of Buffalo, securely sealed in a postpaid wrapper addressed to said Wartman at his last known place of residence, and a copy of such order to show cause published once in each week for three successive weeks in the following newspapers published in the city of Buffalo and county of Erie, to wit: The Buffalo Express and the Buffalo Commercial and Advertiser; such publication to be completed and service by mail made within the time above provided for personal service.